IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
08/11/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

HANSER LETTS SEVILLA,
By His Next Friend, Luselly Lazara Polanco Perez,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
Field Office Director, Chicago Field Office, ICE; and
DAVID VENTURELLA, Acting Director, ICE,[1]

Respondents.

Case No. 26-3264-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **August 24, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner has alleged – and respondents have not disputed – that he was paroled into the United States in 2023; that he was detained by immigration officials on March 24,

[1] The present official has been substituted for the former official named in the petition.

2026; that an immigration judge denied his applications for protection from removal on April 8, 2026; that he has appealed that order to the Board of Immigration Appeals (BIA), which appeal remains pending; and that he remains in custody in this judicial district. On July 28, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that he is entitled to a bond hearing. Respondents concede that the issue in this case is whether petitioner's detention falls within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; or whether his detention is instead governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond.[2]

---

[2] Petitioner also claims that his detention without consideration of release on bond violates due process. In light of the Court's conclusion that petitioner is entitled to bond consideration under the statutes, it need not reach that issue.

In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of that case would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the remedy for this violation, petitioner requests a bond hearing under certain conditions. For the same reasons stated in the cases discussed above, *see Santillan Quiroz*, 2026 WL 1876709, at *17 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is simply

to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **August 24, 2026**.[3] The Court denies any request for other relief.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **August 24, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 11th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[3] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.